UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KATRINA ELIZABETH GRIFFIN, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:09CV1781 JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on pro se Movant Katrina Elizabeth Griffin's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed October 26, 2009. (Doc. No. 1).

## BACKGROUND

By way of background, on July 9, 2008, Movant entered a guilty plea to one count of conspiracy to distribute and possess with the intent to distribute heroin, and one count of conspiracy to launder money. The Plea Agreement recommended a base offense level of 32, under U.S.S.G. § 2D1.1(c)(6). The Plea Agreement also recommended a two level increase under Section 2S1.1(b)(2)(B), as Movant was convicted under 18 U.S.C. § 1956, and a three level increase under Section 3B1.1, as Movant was a manager or supervisor of a criminal activity that involved five or more participants. The Plea Agreement further recommended a full three level decrease if Movant accepted responsibility for her conduct under Section 3E1.1 of the Sentencing Guidelines. The parties thus estimated a total offense level of 34. The Plea Agreement left the determination of Movant's Criminal History Category to the Court, after it reviewed the Presentence Report ("PSR").

The Plea Agreement contained the following provisions regarding Movant's waiver of post-conviction rights:

>(1) **Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.
>
>(a) Non-Sentencing Issues: In the event the Court accepts the plea, as part of this agreement, both the defendant and the government hereby waive all rights to appeal all non-jurisdictional issues including, but not limited to, any issues relating to pre-trial motions, hearings and discovery and any issues relating to the negotiation, taking or acceptance of the guilty plea or the factual basis for the plea.
>
>(b) Sentencing Issues: In the event the Court accepts the plea and, in sentencing the defendant, 1) applies the recommendations agreed to by the parties herein, and 2) after determining a Sentencing Guideline range, sentences the defendant within that range, then, as part of this agreement, both the defendant and the government hereby waive all rights to appeal all sentencing issues, including any issues relating to the determination of the Total Offense Level and the Criminal History Category.
>
>(c) The defendant fully understands and agrees that this is <u>not</u> a conditional plea and that by pleading guilty waives her right to speedy trial and is withdrawing her previously filed motion to dismiss the instant indictment as violations of the Speedy Trial Act and Sixth Amendment that was previously denied by the District Court in this cause. The defendant expressly waives any right to appeal any issues related to violation of the Speedy Trial Act in the instant cause and/or cause number 4:04CR572 JCH (FRB).
>
>(2) *Habeas Corpus*: The defendant acknowledges being guilty of the crime(s) to which a plea is being entered, and further states that neither defense counsel nor the government have made representations which are not included in this document as to the sentence to be imposed. The defendant further agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

On October 24, 2008, Movant was sentenced to 151 months imprisonment, followed by supervised release for five years. No direct appeal was filed. As stated above, the instant § 2255 Motion was filed on October 26, 2009[1], alleging the following two grounds for relief:

---

[1] "A 1-year period of limitation shall apply to a motion under [§ 2255]." 28 U.S.C. § 2255. "The limitation period shall run from...(1) the date on which the judgment of conviction becomes final". 28 U.S.C. § 2255(1). As stated above, Movant entered a guilty plea on July 9, 2008, and was sentenced on October 24, 2008. Movant had ten days to file a notice of appeal after the sentencing

(1) That Movant received ineffective assistance of counsel, in that her counsel failed to:
    (a) object to false information in the PSR and plea agreement;
    (b) advise her of the nature and circumstances of the plea agreement;
    (c) file a notice of appeal;
    (d) object to a double jeopardy violation;
    (e) object to an aggravated role adjustment in the PSR;
    (f) investigate and prepare for the sentencing hearing; and
    (g) object to the disparity of sentences between co-defendants; and

(2) That the prosecutor engaged in prosecutorial misconduct, by failing to remain silent at the time of sentencing.

(§ 2255 Motion, PP. 5, 6; Movant's Memorandum in Support of Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. 2255 ("Movant's Memo in Support"), PP. 2-12)).

## STANDARDS GOVERNING MOTIONS UNDER 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack,..." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, can be raised "on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" Reed v. Farley, 512 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994) (citations omitted).[2]

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no

---

date. The present motion, filed October 26, 2009, thus is within the 1-year limitation period pursuant to § 2255.

[2] "[A]t least where mere statutory violations are at issue, '§ 2255 was intended to mirror § 2254 in operative effect.'" Reed, 512 U.S. at 353 (quoting Davis v. United States, 417 U.S. 333, 344 (1974)).

relief.'" Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996) (quoting Wade v. Armontrout, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "'without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" Shaw, 24 F.3d at 1043 (citation omitted).

### **DISCUSSION**

As stated above, in Ground 1(c) of her § 2255 Motion, Movant maintains she received ineffective assistance of counsel, in that her counsel failed to file a notice of appeal. (§ 2255 Motion, P. 5). Movant elaborates upon her claim as follows: "After the [Movant] was sentenced she asked counsel to file an appeal on her behalf, counsel informed the [Movant] that she had waived her rights to appeal when she signed the plea agreement. The [Movant] asked counsel what options did she have, based on the fact that she was dissatisfied with the results of the proceeding; counsel informed the [Movant] that there was nothing that he could do for her." ( Movant's Memo in Support, PP. 4, 11).

In its response, the Government does not deny that Movant asked her attorney to file a notice of appeal. Instead, the Government asserts only that because Movant waived her right to appeal as part of the plea agreement, counsel's advice that an appeal would be unsuccessful was correct. (Government's Response to [Movant's] Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, P. 6).[3] Upon consideration of the foregoing, the Court finds Movant sufficiently

---

[3] The Government attaches to its response an affidavit from Mr. Bradley Dede, Movant's appointed attorney, in which he similarly fails to deny Movant's claim that she requested that he file an appeal.

has demonstrated her attorney failed to file a notice of appeal in her criminal case, despite Movant's explicit directive to do so.

"An attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling the [movant] to § 2255 relief." Evans v. United States, 2006 WL 1300672 at *5 (E.D. Mo. May 8, 2006). "No inquiry into prejudice or likely success on appeal is necessary." Id., citing Holloway v. United States, 960 F.2d 1348, 1356-57 (8th Cir. 1992). Under Eighth Circuit law, the appropriate remedy for such a failure is to re-sentence Movant, "thus affording the [Movant] an opportunity to take a timely direct appeal." Barger v. United States, 204 F.3d 1180, 1182 (8th Cir. 2000) (citations omitted).

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Movant Katrina Elizabeth Griffin's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. No. 1) is **GRANTED** in part and **DENIED WITHOUT PREJUDICE** in part.

**IT IS FURTHER ORDERED** that Ground 1(c) of Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. No. 1) is **GRANTED**, and Movant's sentence in her criminal case (Cause No. 4:07CR679 JCH, Doc. No. 52) is **SET ASIDE**.

**IT IS FURTHER ORDERED** that a hearing will be held on **Friday, March 11, 2011**, at **10:00 a.m.** in the courtroom of the undersigned. The purpose of the hearing will be to re-sentence Movant in her criminal case, Cause No. 4:07CR679 JCH.

**IT IS FURTHER ORDERED** that the presence and participation of Katrina Elizabeth Griffin, Inmate # 82843-008, is required for the re-sentencing hearing.

**IT IS FURTHER ORDERED** that the United States Marshal Service shall transport Movant Katrina Elizabeth Griffin, Inmate # 82843-008, from the Federal Correctional Institution in Dublin, California, to this Court, to attend the March 11, 2011, hearing.

**IT IS FURTHER ORDERED** that Jeffrey A. Goldfarb, JEFFREY A. GOLDFARB, LLC, 222 S. Meramec, Suite 300, Clayton, MO, 63105, phone 314-863-5553, fax 314-726-5831, is appointed to represent Movant in Cause No. 4:07CR679 JCH. The Clerk of the Court shall provide Movant's newly-appointed counsel with a complete copy of the court file at no cost.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to send a copy of this Order to the United States Probation Office for this District.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to file this Order in Cause No. 4:07CR679 JCH.

**IT IS FURTHER ORDERED** that the remaining grounds in Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. No. 1) are **DENIED** without prejudice.[4]

Dated this 17th day of December, 2010.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[4] In light of her opportunity to review the Presentence Report in her criminal case with her newly appointed attorney, and to file objections thereto, several of Movant's remaining claims may be rendered moot.